IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEENAN K. COFIELD                             *
        Petitioner,
    v.                                                *   CIVIL ACTION NO. CCB-05-1967

NANCY L. ROUSE, et al.                        *
        Respondents.
                              ******

**MEMORANDUM**

Procedural History

Petitioner Keenan K. Cofield is currently a Maryland Division of Correction ("DOC") prisoner serving his state sentence. Prior to his confinement, he filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, attacking his December 13, 2002 theft conviction in the Circuit Court for Baltimore County. *See Cofield v. State, et al.*, Civil Action No. CCB-04-3174 (D. Md. 2004). Petitioner claimed that he had pleaded guilty to one count of theft over $500.00 and was sentenced to a suspended five-year term, with eighteen months probation, and ordered to pay $36,000.00 in restitution. *Id*. at Paper No. 1. That petition was dismissed without prejudice on October 22, 2004, for the failure to exhaust state court remedies. *Id*., at Paper Nos. 6 & 7.

On January 26, 2004, a four-count indictment was entered against petitioner in this court. *See United States v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004). On October 29, 2004, petitioner signed a plea agreement, agreeing to plead guilty to one count of conspiracy to utter a forged or stolen U.S. Treasury check, in violation of 18 U.S.C. § 371. On May 16, 2005, petitioner was sentenced to a ten-

month term in the U.S. Bureau of Prisons, three years of supervised release, and was ordered to pay a $100.00 special assessment. *Id*. at Paper No. 66. The appeal of the criminal judgment remains pending.[1]

On July 19, 2005, petitioner filed this new habeas corpus petition using a 28 U.S.C. § 2254 form. The background history presented and the grounds raised by petitioner are difficult to decipher. Affording the petition a generous construction, it appears that petitioner was recently violated on his 2002 theft conviction in the Circuit Court for Baltimore County and may have been convicted on new theft charges in that court.[2] Paper No. 1. at 2 & Attachment at 2. The appeal on one or more of the convictions is apparently pending before the Court of Special Appeals of Maryland. *Id*. at 3.

Petitioner seemingly raises the following grounds related to the length and duration of his confinement:

- The DOC has failed to apply all 476 days pre-trial credit awarded by the Circuit Court for Baltimore County;

- The DOC has failed to adjust his diminution records and good conduct credits;

- The DOC has denied him due process by failing to apply Judge Garbis's "credit letter request," resulting in the failure to award a 16 month plus credit towards his state sentence;

---

[1] The court observes that on June 17, 2005, petitioner filed a motion pursuant to 28 U.S.C. §§ 2241& 2255. *United States v. Cofield*, Criminal No. MJG-04-099 at Paper No. 77. The allegations were construed by Judge Marvin J. Garbis to involve petitioner's requests that: (i) his 10-month sentence be made to run concurrent to any state sentences; (ii) the court issue an order that would require the state to award him credit against his state sentence for the period of time he was on home confinement on the federal charges; and (iii) the court advise the state that the court has no objection if the state would utilize the fact that petitioner was on home confinement for any purpose. *Id.* at Paper No. 85. On July 19, 2005, Judge Garbis denied the motion, holding that the 10-month sentence was to run as a consecutive, not current, sentence to any state sentence and that the court "will not purport to tell state authorities what they can or should do in regard to defendant Cofield's state sentence or conditions of confinement." *Id*.

[2] It appears that petitioner was sentenced to separate four-year terms on his two 2005 theft convictions. Paper No. 1 at 1 & Attachment 8.

- The DOC has denied him due process by failing to remove erroneous information received from the U.S. Marshal regarding a detainer stating that his federal sentence imposed in Criminal No. MJG-04-0099 is to run as a consecutive term;

- The DOC has misinterpreted Md. Code Ann., Corr. Services, § 3-704 in calculating his diminution credits; and

- The commitment records of the Maryland courts are constitutionally defective and do not comply with Maryland rules for applying pre-trial credits in multiple concurrent sentenced with different commencement dates, or overlapping concurrent sentences, when each was vacated.

Paper No. 1 at Attachments 2-11.

In addition, petitioner raises a direct attack on his conviction(s), arguing that;

- He was denied counsel in two of his state criminal court cases;

- The state courts lacked jurisdiction in his cases because the criminal information was not signed; and

- He was convicted and tried on all state cases without a charging document, valid indictment, or warrant of arrest.[3]

*Id*. at Attachment 6.

Petitioner seeks immediate release from confinement. He asks that: the service and enforcement of the federal detainer be stayed; he be provided an immediate evidentiary hearing; and counsel be appointed in this matter.

## Analysis

---

[3] It is not clear whether petitioner is directly attacking these unidentified convictions, claiming that the DOC is continuing to improperly use these convictions when computing his custody and classification levels, or both. *See* Paper No. 1 at Attachments.

3

A portion of this petition challenges Petitioner's state court commitment and the award of diminution and pre-trial credits. To the extent that petitioner is challenging the length or duration of his confinement, his petition shall be construed as a 28 U.S.C. § 2241 cause of action. The law is well established that § 2241 petitions are intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration. *See In re Vial*, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997). Before a petitioner seeks § 2241 federal habeas corpus relief, however, he must exhaust his administrative and state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). There is no documented showing that petitioner has exhausted his remedies regarding the computation of his sentences by filing the appropriate administrative grievances or state court action.[4] Consequently, insofar as petitioner raises a challenge to the length and duration of his confinement, his action, construed as a § 2241 petition, shall be dismissed without prejudice for the failure to exhaust his remedies.[5]

In addition, the cause of action is peppered with claims which go to the legality of petitioner's state court convictions. This portion of the petition shall be construed as a 28 U.S.C. § 2254 application. That being said, petitioner must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion

---

[4] Petitioner alleges that he filed a state habeas corpus petition in the Circuit Court for Washington County and that relief was denied on July 1, 2005. Paper No. 1 at 1 & 5. There is no showing, however, that all computation issues raised here were raised in that state court petition. Indeed, the exhibits presented to this court indicate that the state court petition primarily raised attacks on the legality of his criminal convictions, i.e., viability of state court jurisdiction, arrest warrant, and indictments, not on the computation of his sentences. *Id.* at Attachments.

[5] To the extent that petitioner raises a § 2241 challenge to the execution of his federal sentence imposed in *United States v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004), his claims shall be denied. As previously indicated, Judge Garbis has already held that petitioner's federal sentence is to run consecutive to any state sentence, pursuant to 18 U.S.C. § 3584(a).

requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief, but rather a matter of comity. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *O'Sullivan v. Boerckel*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state supreme court. *Id.* at 847.

According to petitioner, his 2005 convictions remain pending on direct appeal before the Court of Special Appeals. Because the § 2254 claims raised in this petition have not been fairly and fully presented to the state courts, they are not subject to substantive review in federal court at this time.

For the aforementioned reasons, the court shall dismiss this hybrid § 2241/2254 petition without prejudice for the failure to exhaust remedies.[6]  A separate Order follows.[7]

    July 28, 2005                                                          /s/
          Date                                                        Catherine C. Blake
                                                                        United States District Judge

---

[6] Petitioner is advised that should he wish to re-file his claims after exhaustion of his remedies, it is suggested that he present: (i) a separate § 2241 petition challenging the computation of his pre-trial and diminution credits; and (ii) an attack on his state court convictions by filing separate § 2254 petitions as to each of his convictions in a timely manner.  The forms for filing these petitions are available from the Clerk.

[7] In light of this decision, petitioner's motions for appointment of counsel and for evidentiary hearing, and motion to stay the execution of his sentences shall be denied.  The motion to proceed in forma pauperis shall be granted.